**Sandra ROJAS–VIJEL; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–71140.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Sandra Rojas–Vijel, Van Nuys, CA, pro se.

Julio Saravia–Rojas, Van Nuys, CA, pro se.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Sandra Rojas–Vijel and her son, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that Rojas–Vijel failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground, because she did not demonstrate that the gang members who sought to extort money from her were motivated by more than an economic interest. *See id.* at 482–84; *see also Borja v. INS,* 175 F.3d 732, 735–36 (9th Cir.1999) (explaining 'extortion plus' is necessary to satisfy nexus requirement). Accordingly, Rojas–Vijel's asylum claim fails.

Because Rojas–Vijel failed to establish asylum eligibility, it necessarily follows that she failed to meet her burden for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of CAT relief because Rojas–Vijel failed to show it is more likely than not she will be tortured if returned to El Salvador. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.